IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. MEIGS, d/b/a Abanda Timber Co., | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | CASE NO. 3:04-cv-428-F (WO) |
| CSX TRANSPORTATION, INC., a corporation, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff William C. Meigs ("Plaintiff") brings this action against Defendants CSX Transportation, Inc., *et al.*, (collectively "Defendants") asserting a multitude of claims under Alabama law. The Plaintiff's complaint was originally filed in the Chambers County, Alabama Circuit Court on March 29, 2004, and the Defendants removed the case to this Court on April 30, 2004 (Doc. #3). This cause is presently pending before the Court on the Plaintiff's Motion to Remand (Doc. #18), filed on May 28, 2004. Upon consideration of the submissions of the parties, the Court finds the motion must be DENIED.

### DISCUSSION

In his motion, the Plaintiff contends that remand is proper in this case because the parties are not completely diverse as required by 28 U.S.C. §§ 1332, 1441(a), and 1446(b). Specifically, the Plaintiff, a resident of Alabama, argues that the presence of Defendant Roger Jackson ("Jackson"), also an Alabama resident, destroys diversity in this action and

necessitates remand. However, in its November 8, 2004 Order (Doc. #36), the Court granted Jackson's unopposed Motion for Judgment on the Pleadings (Doc. #32). This ruling was in response to an admission on the part of the Plaintiff that Jackson was not properly a party in this action. Thus, the jurisdictional question before the Court turns on whether Jackson was fraudulently joined.[1]

As a general matter, the removal of a case from state to federal court is proper if the case could have originally been brought in federal court. *See Jeter v. Orkin Exterminating Co.*, 84 F. Supp. 2d 1334, 1336 (M.D. Ala. 2000) (citing 28 U.S.C. § 1441(a)). Federal courts may assert jurisdiction over cases brought under state law where the parties are of diverse state citizenship and the amount in controversy exceeds $75,000. *See id*. (citing 28 U.S.C. § 1332). The Supreme Court has interpreted diversity of citizenship under § 1332 to require complete diversity—that is, every plaintiff must be of diverse state citizenship from every defendant. *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch. (7 U.S.) 267 (1808)). While the presence of a plaintiff and defendant residing in the same state normally precludes federal jurisdiction based on diversity of citizenship, diversity jurisdiction "cannot be defeated by a fraudulent joinder of a residential defendant having no real connection to the controversy." *Jeter*, 84

---

[1] The Defendants also expend considerable effort arguing that the claims here are completely preempted by the Carmack Amendment. Such a finding by the Court would then allow removal of this case based on federal question jurisdiction irrespective of the Court's resolution of the fraudulent joinder issue. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003). Because the Court finds that diversity jurisdiction is proper, it is currently unnecessary to reach the applicability of the Carmack Amendment.

F. Supp. 2d at 1337 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Thus, the Court shall disregard fraudulently joined defendants when considering the propriety of maintaining jurisdiction. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1980).[2]

The Eleventh Circuit has found fraudulent joinder in three situations: where (1) "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts," and (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under all of these scenarios, the removing party bears the "heavy burden" of demonstrating by clear and convincing evidence that the joinder of a non-diverse party was fraudulent. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). In their motions, the Defendants have focused their efforts on the first and third varieties of fraudulent joinder, and the Court will do the same.

Under the first type of fraudulent joinder, federal jurisdiction cannot be sustained where "there is *even a possibility* that a state court would find that the complaint states a cause of action against . . . the resident defendant[ ]." *Triggs*, 154 F.3d at 1287 (internal quotations omitted). "The plaintiff need not have a winning case against the allegedly

---

[2] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id*. While the court must make this determination based on the plaintiff's pleadings at the time of removal, "the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Here, by the Plaintiff's own admission, he has not stated a valid cause of action against Jackson. Indeed, the Plaintiff has conceded that his suit against Jackson was a mistake and that he intended to sue another CSX employee, Dan Payne.[3] In accordance with these events, the Court granted Jackson's unopposed Motion for Judgment on the Pleadings as the pleadings and evidence before the Court demonstrated "beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citation and internal quotations omitted). As such, there was no "possibility that a state court would find that the complaint states a cause of action against [Jackson]." *Crowe*, 113 F.3d at 1538 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). This conclusion satisfies the requirements of fraudulent joinder and means that diversity jurisdiction is appropriate in this case.[4] *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (stating

---

[3] Up to this point, the Plaintiff has not elected to amend his complaint to add Payne as a defendant. The Court does note that Payne's presence would not change the Court's ability to assert jurisdiction over this cause because Payne is a resident of Florida.

[4] Because the Court finds the first variety of fraudulent joinder to be satisfied, it is unnecessary to perform an analysis of the third category of fraudulent joinder, also known as

that fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the [fraudulently joined] nondiverse defendants, and thereby retain jurisdiction.").

As the Court concludes that the parties before the Court are completely diverse, subject matter jurisdiction is properly premised on 28 U.S.C. § 1332.  Therefore, upon consideration of the Plaintiff's Motion to Remand (Doc. #18) filed on May 28, 2004, it is hereby

ORDERED that the motion is DENIED.

DONE this the 9th day of December, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

misjoinder or the *Tapscott* doctrine.  *See Tapscott v. MS Dealer Serv. Co.*, 77 F.3d 1353, 1360 (11th Cir. 1996) *abrogated on other grounds by, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).